Doug Solomon (State Bar No. 042771995)
**JACKSON LEWIS P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
Tel: (908) 795-2970
Email:  doug.solomon@jacksonlewis.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN <br><br> Defendants. | Civil Action No. 2:24-cv-11102 |

**MOTION FOR A TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and upon the accompanying Complaint seeking injunctive relief to effectuate the purposes of the Railway Labor Act ("RLA"), the Declaration of Patrick McGreal ("McGreal Declaration") in support of the Complaint along with attached exhibits, and the Memorandum of Law, filed on December 12, 2024, the undersigned counsel for Plaintiff New Jersey Transit Rail Operations, Inc. ("NJTRO") will move this Court located at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, at a date and time to be established by the Court, for an order:

a. Temporarily and/or preliminarily enjoining Special Board of Arbitration 940 ("SBA 940), Defendant Brotherhood of Locomotive Engineers ("BLET"), and anyone acting in concert with the BLET, from proceeding with arbitration before SBA 940 which is currently scheduled for January 9, 2025, in the dispute with Plaintiff over the 10.4% salary differential during the pendency of the proceedings before PEB 252 and until either: (a) NJTRO and BLET resolve the major dispute through a voluntary agreement

      for a successor CBA, or (b) 60 days after PEB 252 issues its Report to the President, whichever comes sooner; and

   b. Requiring Defendant to maintain the *status quo,* as well as their obligation and requirement to continue the negotiation process in accordance with 45 U.S.C. § 159a.

As is set forth in detail in the supporting Memorandum of Law, McGreal Declaration and Complaint, NJTRO and BLET are parties to an expired Collective Bargaining Agreement ("CBA") and have been progressing through the major dispute resolution procedures required by the RLA in an effort to agree upon the terms of a successor CBA. That dispute is currently before a Presidential Emergency Board ("PEB 252") created by Executive Order of the President of the United States on November 21, 2024, which is scheduled for hearing on January 5, 6, and 7, 2025. Notwithstanding, the BLET is seeking, through arbitration, to obtain significant compensation and/or retroactive and prospective wage increases for the Engineers. Compensation and wage increases are the very issues that remain part of the major dispute between the Parties with respect to the terms of a successor CBA and are part of the issue before PEB 252. Compensation and wage increases are the subject of collective bargaining and the mandatory *status quo* provisions of the Railway Labor Act. Compelling arbitration over this issue instead of seeking to resolve the issue through RLA major dispute resolution procedure, including participation in PEB 252, expressly violates the RLA and the terms of the Executive Order creating PEB 252. Arbitration of this issue will cause irreparable and immediate injury, loss, and damage to NJTRO, its ridership, and the citizens of New Jersey, New York, and Pennsylvania, for which there is no adequate remedy at law.

Therefore, Plaintiff requests this Court temporarily and/or preliminarily enjoin Defendants' attempts to circumvent the RLA's major dispute procedure by arbitrating the 10.4% differential dispute before SBA 940, as that same dispute is presently part of the major dispute between the Parties and subject to the jurisdiction of PEB 252, and the direct negotiations between the parties that is lawfully required to follow PEB 252's issuance of a Report to the President.

Plaintiff is entitled to this relief because: (i) Plaintiff has a likelihood of success on the merits since allowing the arbitration to proceed would result in an unlawful change in the *status*

*quo* during a period of time when such changes are expressly prohibited by the RLA, 45 U.S.C. § 159a(h), and the terms of the Executive Order creating PEB 252; and (ii) absent an Order temporarily and/or preliminarily restraining the arbitration pending PEB 252 and through the 60 days after the PEB 252 Report to the President to March 21, 2025, Plaintiff will suffer irreparable harm; and (iii) because granting the requested relief will not result in greater harm to Defendant than the significant, irreparable and imminent harm to NJTRO and citizens of New Jersey, New York, and Pennsylvania if the relief is not granted, and (iv) because it is in the public interest for the 10.4% differential arbitration to be held in abeyance while the parties seek to resolve the dispute over the collective bargaining agreement through PEB 252 and for the 60 days after PEB 252 issues a Report to the President.

WHEREFORE, for the reasons set forth in this Motion, the accompanying Memorandum of Law, the Complaint, and McGreal Declaration, Plaintiffs request that the Court grant their Motion for a Temporary Restraining Order and Preliminary Injunction. Plaintiff is simultaneously filing herewith an Order to Show Cause.

Respectfully submitted,

Dated:  December 12, 2024         /s/     *Doug Solomon* _

Doug Solomon (State Bar No. 042771995)
David I. Solomon (State Bar No. 244262017)
**JACKSON LEWIS P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
Tel: (908) 795-2970
Email:  doug.solomon@jacksonlewis.com

*Attorneys for Plaintiff*
New Jersey Transit Rail Operations Inc.

4929-2719-0022, v. 1

3